UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA RICCHIO,<br><br>    Plaintiff,<br><br>v.<br><br>BIJAL, INC. D/B/A SHANGRI-LA MOTEL, ASHVINKUMAR PATEL, SIMA PATEL, and CLARK McLEAN,<br><br>    Defendants. | C.A. NO. 1:15-cv-13519<br>**PROPOSED LEAD CASE** |
| PEERLESS INDEMNITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>LISA RICCHIO, BIJAL, INC. D/B/A SHANGRI-LA MOTEL, ASHVINKUMAR PATEL, SIMA PATEL, and CLARK McLEAN<br><br>    Defendants. | C.A. NO. 1:16-cv-10032<br>**PROPOSED CONSOLIDATED CASE** |

### PEERLESS INDEMNITY INSURANCE COMPANY'S MOTION TO CONSOLIDATE

Peerless Indemnity Insurance Company ("Peerless") hereby moves to consolidate Civil Action No. 1:15-cv-13519, Lisa Ricchio v. Bijal, Inc. d/b/a Shangri-La Motel, et al. (the "Ricchio Action"), with Civil Action No. 1:16-cv-10032, Peerless Indemnity Ins. Co. v. Lisa Ricchio, et al. (the "Peerless Action"), pursuant to Fed. R. Civ. P. 42.

**I.     FACTUAL BACKGROUND**

Both above-captioned cases arise out of the alleged kidnapping of Lisa Ricchio ("Ms. Ricchio"), which allegedly took place in June 2011.  In the Complaint filed in the Ricchio Action, Ricchio alleges that she was kidnapped by Defendant Clark McLean ("Mr. McLean") after leaving her home in Maine, and taken to the Shangri-La Motel (the "Motel") in Seekonk, Massachusetts. The Motel was owned by Defendant Bijal, Inc. ("Bijal").  The Defendants, Ashvinkumar Patel ("Mr. Patel") and Sima Patel ("Ms. Patel") were the managers of the Motel.  The Plaintiff alleges that she was held captive at the Motel for several days by Mr. McLean, during which time she was raped, beaten, and forced to ingest drugs and alcohol.  The Plaintiff alleges that Mr. McLean was able to keep her captive, torture her, starve her, and perform atrocities on her with the assistance or knowledge of Bijal, Mr. Patel, and Ms. Patel (collectively the "Motel Defendants").  Peerless provided Commercial General Liability and Commercial Umbrella Liability policies (collectively the "Policies") to Bijal, which were in effect for the period encompassing the alleged kidnapping of Ms. Ricchio.

On or about October 7, 2015, Ms. Ricchio filed the Ricchio Action.  In the Complaint filed in the Ricchio Action, Ms. Ricchio alleges that the Motel Defendants and Mr. McLean violated various provisions of the Trafficking Victims Protection Act (the "TVPA"), 18 U.S.C. § 1589, *et seq*.  (Copy of the Complaint filed in the Ricchio Action attached hereto as Exhibit 1).  Peerless is providing a defense to the Motel Defendants in the Ricchio Action under a reservation of rights.

On or about December 16, 2015, Peerless filed a Motion to Intervene in the Ricchio Action for the purposes of asserting a Declaratory Judgment Action against Ms. Ricchio, the Motel Defendants, and Mr. McLean.  On or about January 7, 2016, Judge Richard G. Stearns denied Peerless' Motion to Intervene in part and instructed Peerless to file its Declaratory Judgment

Complaint and move to consolidate the Peerless Action with the Ricchio Action. (See Note #33 on Civil Docket for Case #1:15-cv-13519-RGS). On January 11, 2016, Peerless filed its Declaratory Judgment action seeking a judicial declaration that the Policies do not provide coverage to the Motel Defendants for the claims asserted by Ms. Ricchio in the Ricchio Action. (Copy of the Complaint filed in the Peerless Action attached hereto as Exhibit 2). Peerless also seeks a judicial declaration that Mr. McLean has no rights under the Policies and is bound by the declarations of the Court with regard to Peerless' obligations under the Policies.

Peerless now moves to consolidate the Ricchio Action with the Peerless Action pursuant to Fed. R. Civ. P. 42(a).

**II.     ARGUMENT**

The standard for consolidation of matters is liberal. Rule 42(a) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

**(a)     Consolidation.** If actions before the court involve a common question of law or fact, the court may:

**(1)**     join for hearing or trial any or all matters at issue in the actions;

**(2)**     consolidate the actions; or

**(3)**     issue any other orders to avoid unnecessary cost or delay.

"In determining whether to order consolidation, the court must first determine whether the two proceedings involve a common party and common issues of fact or law." In re: PRI Automation, Inc. Securities Litigation, 145 F.Supp.2d 138, 140 (D. Mass. 2001). Once this determination has been made, the court has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). "If those first two steps

are resolved in favor of consolidation, the motion to consolidate ordinarily will be granted unless the opposing party shows demonstrable prejudice." In re: PRI Automation, Inc., 145 F.Supp.2d at 140.

Peerless' Motion to Consolidate should be allowed because the Ricchio Action and Peerless Action involve the same witnesses, attorneys, facts, circumstances, and allegations. Both actions will ultimately be resolved based upon the determination of whether the Motel Defendants and/or Mr. McLean knowingly violated the TVPA in the alleged kidnapping of Ms. Ricchio. Discovery has already commenced in the Ricchio Action, and counsel representing Ms. Ricchio and the Motel Defendants permitted counsel for Peerless to participate in the deposition of Mr. McLean. In addition, none of the parties to the Ricchio Action will be prejudiced by consolidation of the two actions. In fact, the parties will be benefitted by consolidation, as it will avoid the need for multiple depositions of the same witnesses and duplicative paper discovery. In the event that the Ricchio Action proceeds to trial, the trial judge will then be able to sever the Peerless Action—and any references to liability insurance—from the Ricchio Action. This will avoid any potential prejudice to Ms. Ricchio or to any other parties to the Ricchio Action. Considering all of these factors, consolidation is warranted pursuant to Fed. R. Civ. P. 42(a).

WHEREFORE, Peerless Indemnity Insurance Company moves this Honorable Court to consolidate the Peerless Action, Civil Action No. 1:16-cv-10032, with the Ricchio Action, Civil Action No. 1:15-cv-13519.

Respectfully submitted,

PEERLESS INDEMNITY INSURANCE COMPANY

By Its Attorneys,

/s/ *John P. Graceffa*
John P. Graceffa, BBO #205920
jgraceffa@morrisonmahoney.com
Joseph H. Caffrey, BBO #544570
jcaffrey@morrisonmahoney.com
Brian A. Suslak, BBO #684453
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:       617-342-4936

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2016.

s/s *John P. Graceffa*