UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY, | C.A. NO. 1:16-cv-10032 |
| Plaintiff, | |
| v. | |
| LISA RICCHIO, BIJAL, INC. D/B/A SHANGRI-LA MOTEL, ASHVINKUMAR PATEL, SIMA PATEL, and CLARK McLEAN | |
| Defendants. | |

**PARTIALLY ASSENTED TO MOTION OF PEERLESS INDEMNITY INSURANCE COMPANY TO STAY PENDING THE RESOLUTION OF THE RELATED CASE**

Peerless Indemnity Insurance Company ("Peerless"), the Plaintiff in the above-captioned consolidated declaratory judgment action (the "DJ Action"), hereby moves to stay the DJ Action pending the resolution of *Ricchio v. Bijal, Inc., et al.*, No. 1:15-cv-13519 (the "Ricchio Action"), including any appeals.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The DJ Action and the Ricchio Action both arise out of the alleged trafficking of Lisa Ricchio ("Ms. Ricchio") in June 2011. Ms. Ricchio filed the Ricchio Action on or about October 7, 2015. In her Complaint, Ms. Ricchio alleges that she was tricked into leaving her home in Maine by Defendant Clark McLean ("Mr. McLean") and then held against her will at the Shangri-La Motel (the "Motel") in Seekonk, Massachusetts. The Motel was owned by Defendant Bijal, Inc. ("Bijal"). The Defendants, Ashvinkumar Patel ("Mr. Patel") and Sima Patel ("Ms. Patel")

were the managers of the Motel. Ms. Ricchio alleges that she was held captive at the Motel for multiple days by Mr. McLean, during which time she was raped, beaten, and forced to ingest drugs and alcohol in order to force her into prostitution. Ms. Ricchio further alleges that Defendants Bijal, Mr. Patel, and Ms. Patel (collectively, the "Motel Defendants") knowingly and/or recklessly enabled Mr. McLean's trafficking of Ms. Ricchio. Ms. Ricchio alleges that the Motel Defendants and Mr. McLean violated various provisions of the Trafficking Victims Protection Act (the "TVPA"), 18 U.S.C. § 1589, *et seq.* The Motel Defendants vehemently deny the allegations against them.

Peerless issued Commercial General Liability and Commercial Umbrella Liability policies (collectively the "Policies") to Bijal, which were in effect for the period encompassing the alleged trafficking of Ms. Ricchio. Peerless is providing a defense to the Motel Defendants in the Ricchio Action subject to a reservation of rights.

On or about January 11, 2016, Peerless filed the DJ Action, seeking a judicial declaration that the Policies do not provide coverage to the Motel Defendants for the claims asserted against them in the Ricchio Action. Peerless also seeks a judicial declaration that Mr. McLean has no rights under the Policies and is bound by the declarations of the Court with regard to Peerless' obligations under the Policies. On the same date, Peerless filed a Motion to Consolidate the Ricchio Action and the DJ Action for the purposes of discovery. This motion was granted by the Court with respect to trial discovery and dispositive motions.

On or about January 15, 2016, counsel for the Motel Defendants filed a Motion to Dismiss for Failure to State a Claim against the Motel Defendants in the Ricchio Action. On February 16, 2016, the Court granted the Motel Defendants' Motion to Dismiss. On March 8, 2016, the Court denied Ms. Ricchio's Motion for Reconsideration of the dismissal of the Motel Defendants.

Following the dismissal of the Motel Defendants from the Ricchio Action, Mr. McLean is the only remaining Defendant. The Court has established the following Scheduling Order in the Ricchio Action following the dismissal of the Motel Defendants:

- Amendment of Pleadings:     April 29, 2016

- Close of Fact Discovery:     May 27, 2016

- Dispositive Motions Filed:     June 24, 2016

As discussed above, in the DJ Action, Peerless seeks a judicial declaration regarding its duty to provide Liability Coverage to the Motel Defendants for the claims asserted by Ms. Ricchio in the Ricchio Action. At present, those claims have been dismissed. In light of the possibility that Ms. Ricchio may appeal the dismissal of the Motel Defendants, and the potential that it may still require a judicial declaration regarding its duty to defend and/or indemnify the Motel Defendants, Peerless now moves to stay the DJ Action pending the resolution of the Ricchio Action, including any appeals. Ms. Ricchio and the Motel Defendants have assented to this Motion to Stay the DJ Action.[1] Peerless agrees that Ms. Ricchio's answer to the complaint should also be stayed.

## II.     ARGUMENT

The determination of whether to grant a stay "is within the discretion of the Court, after consideration of the competing interests of the parties." Saint-Gobain Performance Plastics Corp. v. Advanced Flexible Composites, Inc., 436 F.Supp.2d 252 (D. Mass. 2006) (citing Amersham Int'l v. Corning Glass Works, 108 F.R.D. 71 (D. Mass. 1985)). A stay is usually warranted if "it

---

[1] Prior to the dismissal of the Motel Defendants from the Ricchio Action, the parties conducted the first day of the deposition of the Defendant, Mr. McLean. Mr. McLean's deposition was suspended by counsel for Ms. Ricchio, and it is the parties' understanding that the deposition may be continued at a future date. In the event that Mr. McLean's deposition is continued at a future date, the parties agree that both counsel for the Motel Defendants and Peerless may attend and participate in the deposition.

would conserve party and judicial resources." New Balance Athletic Shoe, Inc. v. Converse, Inc., 86 F. Supp. 3d 34 (D. Mass. 2015).

Here, staying the DJ Action pending the resolution of the Ricchio Action will serve judicial economy while also ensuring that each of the Parties' rights is adequately protected. Ms. Ricchio will benefit from a stay of the DJ Action because she and her counsel will be able to dedicate their full attention to the Ricchio Action, including any appeals. Likewise, Mr. McLean will be able to dedicate his full attention to the defense of the claims asserted against him in the Ricchio Action. The Motel Defendants will also benefit from a stay of the DJ Action because they will be relieved of all duties related to the DJ Action pending the resolution of the Ricchio Action, including any appeals. Finally, Peerless will benefit from a stay of the DJ Action, because a stay—as opposed to dismissal without prejudice—will enable Peerless to pursue the DJ Action, in the event that the dismissal of the Motel Defendants is overturned on appeal, without incurring the time and expenses involved in re-filing the DJ Action.

Second, the proposed stay of the DJ Action would not put a strain on judicial resources. As noted above, the Court has set a short Scheduling Order in the Ricchio Action: fact discovery is scheduled to close on May 27, 2016, with dispositive motions to be filed by June 24, 2016. Staying Peerless' DJ Action pending the resolution of the Ricchio Action will have no impact on the Scheduling Order, and will not cause hardship to the Court or waste judicial resources. In light of this short Scheduling Order, staying the DJ Action pending the resolution of the Ricchio Action, makes the most practical sense for the Court, and for all parties involved.

Considering these factors, the Court should exercise its sound discretion and stay the DJ Action pending the resolution of the Ricchio Action, including any appeals.

## III. <u>CONCLUSION</u>

WHEREFORE, Peerless Indemnity Insurance Company respectfully requests that this Honorable Court stay the DJ Action, Civil Action No. 1:16-cv-10032, pending the resolution of the Ricchio Action, Civil Action No. 1:15-cv-13519, including any appeals.

Respectfully submitted,

PEERLESS INDEMNITY INSURANCE COMPANY

By Its Attorneys,

/s/ *John P. Graceffa*
John P. Graceffa, BBO #205920
jgraceffa@morrisonmahoney.com
Joseph H. Caffrey, BBO #544570
jcaffrey@morrisonmahoney.com
Brian A. Suslak, BBO #684453
bsuslak@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:       617-342-4936

Assented to:

LISA RICCHIO,

By Her Attorneys,

/s/ *Jason H. Liss*
Jason H. Liss, BBO # 672902
jason.liss@wilmerhale.com
Cynthia D. Vreeland, BBO # 635143
cynthia.vreeland@wilmerhale.com
Lucy Heenan Ewins, BBO # 682794
lucy.ewins@wilmerhale.com
WILMER HALE LLP
60 State Street
Boston, MA 02109
Phone:   617-526-6000
Fax:       617-526-5000

BIJAL, INC. D/B/A SHANGRI-LA MOTEL, ASHVINKUMAR PATEL, and SIMA PATEL,

By Their Attorney,

/s/ *John B. Reilly*
John B. Reilly, BBO # 545576
jreilly@lawyers-online.us
JOHN REILLY & ASSOCIATES
8 North Main Street, Suite 304
Attleboro, MA 027043
Phone: 508-222-1400
Fax:      401-272-2811

6

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2016.

 s/s *John P. Graceffa*