Case 1:16-cv-10032-RGS   Document 26   Filed 05/02/17   Page 1 of 2

FILED
5/2/17
USDC
CLERK'S OFFICE
SAF

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

John P. Graceffa
Phone: 617-737-8854
Fax:   617-342-4936
jgraceffa@morrisonmahoney.com

Brian A. Suslak
Phone: 617-439-7564
Fax:   617-342-4882
bsuslak@morrisonmahoney.com

250 SUMMER STREET
BOSTON, MA 02210-1181
617-439-7500

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

CONNECTICUT
HARTFORD
STAMFORD

ENGLAND
LONDON

NEW HAMPSHIRE
MANCHESTER

NEW JERSEY
PARSIPPANY

NEW YORK
NEW YORK

RHODE ISLAND
PROVIDENCE

April 28, 2017

Hon. Richard G. Stearns
United States District Court
District of Massachusetts
John J. Moakley United States Courthouse
7th Floor, Courtroom 21
1 Courthouse Way
Boston, MA 02210

Re:     Peerless Indemnity Ins. Co. v. Lisa Ricchio, et al.
        Docket No.:   16-cv-10032-RGS
        Our File No.: 10062530

Dear Judge Stearns:

This firm represents the interests of Peerless Indemnity Insurance Company ("Peerless") in the above-captioned declaratory judgment action, which was filed in the United States District Court on January 11, 2016. In the above-captioned declaratory judgment action, Peerless sought a judicial declaration that it did not have a duty to defend or indemnify Bijal, Inc., Ashvinkumar Patel, Sima Patel (collectively the "Motel Defendants") or Clark McLean, in the lawsuit captioned Lisa Ricchio v. Clark McLean, Ashvinkumar Patel, Sima Patel, and Bijal, Inc. d/b/a Shangri-La Motel, Docket No. 15-cv-13519-RGS. On the date that it filed its declaratory judgment action, Peerless also moved to consolidate the two matters for the purposes of discovery. This motion was allowed in part on January 12, 2016, and the parties to both actions engaged in limited discovery, including the deposition of Mr. McLean.

On January 15, 2016, the Motel Defendants filed a motion to dismiss the lawsuit filed by Ms. Ricchio, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. This motion was granted on February 16, 2016, and Ms. Ricchio subsequently appealed the dismissal to the United States First Circuit Court of Appeals. On April 5, 2017, the United States First Circuit Court of Appeals reversed the dismissal of the claims against the Motel Defendants, and remanded the matter to the District Court for further proceedings. The Mandate was issued by the United States First Circuit Court of Appeals on April 27, 2017.

**MORRISON MAHONEY LLP**

Hon. Richard G. Stearns
April 28, 2017
Page 2

On March 28, 2016, upon receipt of notice of Ms. Ricchio's appeal to the United States First Circuit Court of Appeals, Peerless moved, with the assent of Ms. Ricchio and the Motel Defendants, to stay its declaratory judgment action pending the resolution of the appeal. On March 29, 2016, the matter was administratively closed. On May 18, 2016, Peerless' declaratory judgment action was dismissed following Ms. Ricchio's dismissal of her claims against Mr. McLean, without prejudice.

In light of the fact that the case between Ms. Ricchio and the Motel Defendants has been remanded to the District Court, and additional discovery is expected to take place, Peerless respectfully requests that the Court reverse the dismissal of the above-captioned declaratory judgment action, and administratively re-open the case, so that Peerless may engage in discovery with the other parties and prepare to file dispositive motions, if appropriate. Re-opening Peerless' prior declaratory judgment action, which was only dismissed due to the dismissal of the Motel Defendants via motion (which has now been reversed), and the voluntary dismissal of Mr. McLean, in the lawsuit filed by Ms. Ricchio, will permit Peerless to participate in discovery and avoid the time and expenses associated with re-filing its declaratory judgment action, paying additional filing fees, and waiting for the parties to respond to Peerless' declaratory judgment complaint. All necessary parties to Peerless' dismissed declaratory judgment action filed responsive pleadings to its complaint, and re-opening the declaratory judgment case at this time will also save those parties the time and expenses associated with preparing responsive pleadings in a new declaratory judgment action.

Considering all of these factors, Peerless respectfully requests that the Court reverse the dismissal of the above-captioned declaratory judgment action, administratively re-open the matter, and permit Peerless to proceed with discovery with the lawsuit filed by Ms. Ricchio, which was recently remanded to the District Court for further proceedings.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact us.

Very truly yours,

John P. Graceffa
Brian A. Suslak

JPG/BAS

cc: John B. Reilly, Esq.
    Cynthia D. Vreeland, Esq.